IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN C. LADUE, II, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 10-0250-CV-W-ODS |
| ) | Crim. No. 07-00156-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255; (2) DENYING MOTION TO AMEND/CORRECT; AND (3) DECLINING TO GRANT CERTIFICATE OF APPEALABILITY**

Pending are Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255 (Doc. 1) and Motion to Amend/Correct (Doc. 6). Both motions are denied.

## I. BACKGROUND

Movant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Movant's criminal history included multiple Missouri convictions, including three counts of second-degree burglary in 2004, one count of first-degree burglary in 2005, and one count of second-degree domestic assault in 2005. This Court sentenced Movant as an armed career criminal under 18 U.S.C. § 924(e)(1) because he had at least three previous convictions for "violent felon[ies]." Movant raised no sentencing issues in his unsuccessful direct appeal. *See U.S. v. LaDue*, 561 F.3d 855 (8th Cir. 2009). Movant now contends that his sentence was unlawful because second-degree burglary does not qualify as a "violent felony." Movant asserts that he had discussed raising this issue with his direct appeal counsel, but counsel neglected to do so.

## II. DISCUSSION

Movant's argument that second-degree burglary is not a "violent felony" under 18 U.S.C. § 924(e) lacks merit. The term "violent felony" includes burglaries. *See* § 924(e)(B)(ii). "For purposes of section 924(e), 'burglary' is 'any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *U.S. v. Demint*, 74 F.3d 876, 877 (8th Cir. 1996) (quoting *Taylor v. U.S.*, 495 U.S. 575, 599 (1990)). Missouri's definition of second-degree burglary contains these basic elements. *See* Mo. Ann. Stat. § 569.170.1 ("A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.") Movant was not wrongly sentenced as a career criminal. Movant's postconviction motion is denied.[1] *See* 28 U.S.C. § 2255(b) (stating district court should grant federal prisoner hearing on postconviction motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . .")

The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion for Postconviction Relief because the issues are fresh in the Court's mind and efficiency is promoted. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b). In this case, Movant's arguments are demonstrably incorrect, and there is no justification for further proceedings.

---

[1] Movant's motion to amend/correct (Doc. 6) also is denied.

III.  CONCLUSION

      Movant's § 2255 motion for postconviction relief and his motion to amend/correct are denied.  The Court declines to issue a certificate of appealability.
IT IS SO ORDERED.

                                       /s/ Ortrie D. Smith
                                       ORTRIE D. SMITH, JUDGE
DATE: May 4, 2010                  UNITED STATES DISTRICT COURT